Lanzinger, J.,
concurring in judgment only.
{¶ 23} I concur in the judgment, but I am concerned that by labeling the error in this indictment as “harmless surplusage,” the majority minimizes the requirement that indictments contain all elements of the crime charged. Here, the indictment notified Lynn that he had been charged by the grand jury with aggravated burglary in violation of R.C. 2911.11(A)(1) with the following language: “Lynn, on or about April [28], 2008 * * * by force, stealth or deception, did trespass in an occupied structure, * * * with purpose to commit in the structure * * * any criminal offense, to wit: theft, and did recklessly inflict, or attempt or threaten to inflict physical harm on another, to-wit: Juanita Turnage * * (Boldface omitted and emphasis added.) Lynn was on notice that the state would present evidence that in entering the structure, his purpose was to commit theft. In my view, purpose to commit a specific crime is a necessary element to be proven beyond a reasonable doubt.
{¶ 24} Relying on State v. Gardner, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, the majority states that the specific crime or crime intended to be committed inside the premises is not an element of the offense of aggravated burglary that must be included in the jury instructions. Thus, to the majority, *152 the inclusion of the element of theft was meaningless. But Gardner is a plurality opinion, and therefore is not binding authority. As I have previously stated, the phrase “with the purpose to commit in the structure * * * any criminal offense” in R.C. 2911.11(A) defines the mens rea that the state must prove beyond a reasonable doubt, and, as a matter of due process, the jury should be instructed on the elements of the particular crime that a defendant intended to commit once inside the premises. Id. at ¶ 89.
{¶ 25} Although the trial court denied the state’s Crim.R. 7(D) motion to amend the indictment before the trial began, the court instead ensured that the jury instructions conformed to the evidence by providing instructions on assault. No objection was entered to the trial court’s instruction on assault as a potential underlying offense to the aggravated burglary or to the interrogatories to test the verdict. Lynn cannot show plain error, because the jury instructions conformed to the evidence presented at trial, and he did not show prejudice.
{¶ 26} In answering the interrogatories and finding Lynn guilty of aggravated burglary, the jury unanimously found that Lynn had committed the underlying offense of assault, but not of theft. Because the jurors deliberated on all elements of aggravated burglary and Lynn was not prejudiced by the court’s jury instructions, I concur in this court’s judgment reversing the judgment of the court of appeals.